PERKINS COIE LLP:
John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
Eric R. Maas, Bar No. 345450
EMaas@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, California 92130-2080

Elliott J. Joh, Bar No. 264927
EJoh@perkinscoie.com,
505 Howard Street, Suite 1000
San Francisco, CA 94105-3222

Kevin A. Zeck (*pro hac vice*)
KZeck@perkinscoie.com
Samantha Carl (*pro hac vice*)
SCarl@perkinscoie.com
1301 Second Ave, Suite 4200
Seattle, Washington 98101

FOLEY & LARDNER LLP:
Kevin M. Littman (*pro hac vice*)
KLittman@foley.com
Lucas I. Silva (*pro hac vice*)
LSilva@foley.com
111 Huntington Avenue, Suite 2500
Boston, MA 02199-7610

Kate E. Gehl (*pro hac vice*)
KGehl@foley.com
777 East Wisconsin Avenue
Milwaukee, WI 53202

Attorneys for Defendant ZTE Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG RESEARCH AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>ZTE CORPORATION,<br><br>Defendant. | Case No. 3:25-cv-02000-AMO<br><br>**ZTE CORPORATION'S RESPONSE IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL [DKT. 41]** |

Defendant ZTE Corporation ("ZTE") files this response in support Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America (collectively, "Samsung") Administrative Motion to File Under Seal Certain Materials Relating to Its Opposition to ZTE's Motion to Dismiss the Complaint and Stay Discovery ("Motion to Seal") (Dkt. 41). In its motion to seal, Samsung seeks to seal a portion of its Opposition (page 3, line 3) regarding the terms of the parties' prior cross-license, as well as Exhibit N attached to the Declaration of David Rokach.[1] These materials contain highly confidential and competitively sensitive business information regarding (1) the financial terms of the parties' prior confidential license and (2) the terms of the parties' confidential mutual non-disclosure agreement. ZTE previously explained that the information disclosed at page 3, line 3 is highly confidential. Dkt. 27-1 at ¶ 10. And Exhibit N is confidential pursuant to its very terms.

ZTE takes extraordinary measures to maintain the secrecy of the information sought to be sealed by Samsung. This information is not generally known to the public or to ZTE's competitors and its disclosure would undoubtedly harm ZTE's competitive standing. Accordingly, ZTE, like Samsung, has a strong legitimate interest in keeping the terms of its confidential license and confidential non-disclosure agreement under seal.

Courts in the Ninth Circuit recognize that compelling reasons to seal information exist when the information pertains to patent licensing negotiations and license terms because that is "the type of business information that might harm a litigant's competitive standing." *See, e.g.*, *Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19-cv-01389, 2022 WL 2313948, *2 (N.D. Cal. June 28, 2022) (finding compelling reasons existed to seal information relating to the specific details and substance of the defendant's licensing negotiations); *In re Qualcomm Litig.*, No. 3:17-cv-0108, 2017 WL 5176922, *2 (S.D. Cal. Nov. 8, 2017) (finding disclosure of parties' licensing terms and details of confidential licensing negotiations "would harm their competitive standing by releasing such information to competitors in the telecommunications market."); *Apple,*

---

[1] Samsung also filed a second motion to seal, which concerns information ZTE disclosed in negotiations under the parties' non-disclosure agreement. Dkt. 42. ZTE will respond to that motion in due course.

*Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846, 2012 WL 3283478, *6 (N.D. Cal. Aug. 9, 2012) (sealing pricing terms, royalty rates, and payment terms of licensing agreements because "[d]isclosing this information to the public will create an asymmetry of information for Apple in the negotiation of future licensing deals."), *rev'd on other grounds*, 727 F.3d 1214 (Fed. Cir. 2013); *Digit. Reg of Tex., LLC v. Adobe Sys., Inc.*, No. C 12-1971, 2015 WL 604055, *1 (N.D. Cal. Feb. 11, 2015) (sealing portions that disclosed details of plaintiff's patent license terms and royalty rates because public disclosure would weaken plaintiff's position in future license negotiations or in resolving litigation).

Additionally, Samsung's request to seal and its proposed redactions of the protected information contained in Samsung's Opposition and Exhibit N are narrowly tailored. Redacting this highly confidential information does not impede the public's ability to understand the nature of the proceedings. The unredacted portions of Samsung's Opposition and the unsealed exhibits will still provide the public with all information needed to understand Samsung's position with regards to ZTE's Motion to Dismiss. As such, the request to seal is narrowly tailored, and there is no less restrictive alternative to sealing the requested information. *In re Qualcomm Litig.*, 2017 WL 5176922, at *3 (finding the redacted portions that concerned licensing terms, royalites paid or owed under licensing agreements, and details of confidential licensing negotiations were narrowly tailored such that it did not "impede upon the public's ability to understand the nature of the proceedings").

For the foregoing reasons, ZTE respectfully requests that the Court grant Samsung's Motion to Seal (Dkt. 41).

Dated: June 16, 2025

**PERKINS COIE LLP**

By: */s/ John D. Esterhay*
John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
Eric R. Maas, Bar No. 345450
EMaas@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California 92130-2080

Elliott J. Joh
EJoh@perkinscoie.com, Bar No. 264927
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3222

Kevin A. Zeck (*pro hac vice*)
KZeck@perkinscoie.com
Samantha Carl (*pro hac vice*)
SCarl@perkinscoie.com
PERKINS COIE LLP
1301 Second Ave, Suite 4200
Seattle, Washington 98101

Kevin M. Littman (*pro hac vice*)
klittman@foley.com
Lucas I. Silva (*pro hac vice*)
lsilva@foley.com
Foley & Lardner LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199-7610

Kate E. Gehl (*pro hac vice*)
kgehl@foley.com
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202

Attorneys for Defendant ZTE Corporation