PERKINS COIE LLP:
John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
Eric R. Maas, Bar No. 345450
EMaas@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, California 92130-2080

Elliott J. Joh, Bar No. 264927
EJoh@perkinscoie.com,
505 Howard Street, Suite 1000
San Francisco, CA 94105-3222

Kevin A. Zeck (*pro hac vice*)
KZeck@perkinscoie.com
Samantha Carl (*pro hac vice*)
SCarl@perkinscoie.com
1301 Second Ave, Suite 4200
Seattle, Washington 98101

FOLEY & LARDNER LLP:
Kevin M. Littman (*pro hac vice*)
KLittman@foley.com
Lucas I. Silva (*pro hac vice*)
LSilva@foley.com
111 Huntington Avenue, Suite 2500
Boston, MA 02199-7610

Kate E. Gehl (*pro hac vice*)
KGehl@foley.com
777 East Wisconsin Avenue
Milwaukee, WI 53202

Attorneys for Defendant ZTE Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG RESEARCH AMERICA,<br><br>        Plaintiffs,<br><br>    v.<br><br>ZTE CORPORATION,<br><br>        Defendant. | Case No. 3:25-cv-02000-AMO<br><br>**ZTE CORPORATION'S RESPONSE IN SUPPORT OF SAMSUNG'S ADMINISTRATIVE MOTION TO SEAL [DKT. 42]** |

## I.    INTRODUCTION

Pursuant to Civil Local Rule 79-5(f), Defendant ZTE Corporation ("ZTE") respectfully submits this response in support of Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America (collectively, "Samsung") Administrative Motion to Consider Whether ZTE's Material Should Be Sealed ("Motion") (Dkt. 42). On June 10, 2025, Samsung filed an Opposition to ZTE's Motion to Dismiss (Dkt. 43). Samsung included confidential information in its Opposition and Exhibits B, C, and G attached to the Declaration of David Rokach in Support of Samsung's Opposition. This information was conditionally filed under seal in connection with Samsung's Motion. These materials contain highly confidential and competitively sensitive information regarding the parties' ongoing patent licensing negotiations, including documents designated confidential by ZTE in those negotiations under the parties' non-disclosure agreement. Accordingly, ZTE respectfully requests that the Court seal the material identified in Samsung's Motion, listed in the table below.

| Document Title or Description | Portions Sought to Be Sealed | Reason(s) for Sealing |
|---|---|---|
| Samsung's Opposition Brief | 1:6–8, 3:4, 3:7–8, 3:12, 3:16, 5:23–24, 5:27, 6:1, 6:4–5, 6:16–18, 6:24, 6:27, 7:7–8, 8:4, 8:8, 9:22, 10:9–10, 10:17–18, 11:19, 11:23, 12:3, 16:21–22, 24:28 | Redacted portions describe the parties' licensing negotiations, licensing analysis and strategy, and describe information relating to the Exhibits identified below, which are confidential and subject to the parties' non-disclosure agreement. |
| Exhibit B to Declaration of David Rokach in Support of Samsung's Opposition | Entirety | Exhibit B is excerpts of a confidential offer made by ZTE to Samsung, subject to the parties' non-disclosure agreement. |
| Exhibit C to Declaration of David Rokach in Support of Samsung's Opposition | Entirety | Exhibit C is a confidential listing of ZTE patents essential to the 5G standard and used in the parties' licensing negotiations, subject to the parties' non-disclosure agreement. |
| Exhibit G to Declaration of David Rokach in Support of Samsung's Opposition | Entirety | Exhibit G is confidential email communications between ZTE and Samsung, subject to the parties' non-disclosure agreement. |

## II.    LEGAL STANDARD

Historically, "courts have recognized a general right to inspect and copy public records and documents, including judicial records." *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 233827, *1 (N.D. Cal. Jan. 21, 2014) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Although a "strong presumption in favor of access is the starting point," access to judicial records is not absolute. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party "seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Because Samsung's brief is an opposition to a dispositive motion to dismiss, ZTE must meet the "compelling reasons" standard. *Benedict*, 2014 WL 233827, *2.

A court "may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096-97. The "court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records a secret." *Id*. In general, "compelling reasons" exist "when such court files might have become a vehicle for improper purposes, such as … releas[ing] trade secrets," confidential business information in the form of license agreements, financial terms, and details of confidential licensing negotiations, or other information that might cause harm to a litigant's business. *Kamakana*, 447 F.3d at 1179; *Nixon*, 435 U.S. at 598 ("the common-law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing."); *In re Elec. Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (sealing the trade secret information about the "pricing terms, royalty rates, and guaranteed minimum payment terms" in the parties' licensing agreement). This is especially true "where the public has minimal interest in the information because it is not necessary to the public's understanding of the case." *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103-WHA, 2022 WL 1144634, *1 (N.D. Cal. Mar. 9, 2022) (quoting *Nixon*, 435 U.S. at 598) (sealing confidential agreements because public disclosure would cause Amazon competitive harm).

III.    **ARGUMENT**

A.    **Compelling Reasons Exist to Seal the Identified Portions of Samsung's Opposition and Exhibits Thereto.**

ZTE has compelling reasons to seal the information identified in Samsung's Motion. The information sought to be sealed relates to a confidential patent license agreement, confidential ongoing licensing negotiations, and confidential information relevant to ZTE's licensing strategy. These materials contain competitively sensitive business information and are considered highly confidential by both ZTE *and* Samsung. *See* Declaration of Kevin A. Zeck in Support of ZTE's Support for Samsung's Administrative Motion to Consider Whether ZTE's Material Should Be Sealed ("Zeck Decl."), ¶ 4.

1.    **Legitimate interests warrant sealing portions of Samsung's Opposition and accompanying exhibits.**

Courts in the Ninth Circuit recognize that compelling reasons to seal information exist when that information pertains to patent licensing demands, negotiations, and terms because that is "the type of business information that might harm a litigant's competitive standing." *See, e.g., Lenovo (United States) Inc. v. IPCom GmbH & Co.*, No. 19-cv-01389, 2022 WL 2313948, *2 (N.D. Cal. June 28, 2022) (finding compelling reasons existed to seal information relating to the specific details and substance of the defendant's licensing negotiations); *DeMartini v. Microsoft Corp.*, No. 22-cv-08991, 2023 WL 4205770, *3 (N.D. Cal. June 26, 2023) (compelling reasons existed to seal the exhibits in their entirety because "these documents are contracts with confidential terms or discussions of those terms that would harm the party's negotiating position moving forward"); *In re Qualcomm Litig.*, No. 3:17-CV-0108, 2017 WL 5176922, *2 (S.D. Cal. Nov. 8, 2017) ("[C]ompelling reasons exist to seal the unredacted portions of the pleadings and briefing that concern licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies, along with those exhibits that contain the various confidential business agreements executed among the parties.").

Samsung's Opposition and accompanying Exhibits B, C, and G reference and discuss confidential licensing negotiations, ZTE's patent licensing strategy, license offers, and terms between the parties. Exhibit B is a confidential offer made by ZTE in ongoing negotiations.

Exhibit C is a confidential listing of ZTE patents relevant to the parties' licensing negotiations. Exhibit G is a confidential correspondence that ZTE sent to Samsung as part of the parties' license negotiations. This information is highly confidential to ZTE, and ZTE takes extraordinary measures to maintain its secrecy. *See* Zeck Decl., ¶¶ 4–5. This information is not generally known to the public or to ZTE's competitors and its disclosure would undoubtedly harm ZTE's competitive standing. *Id.* Moreover, Exhibits B, C, and G are all subject to the parties' non-disclosure agreement. Accordingly, ZTE has a strong legitimate interest in keeping its confidential licensing terms and negotiations under seal, as disclosure would harm ZTE and provide an unfair advantage to others in the marketplace, as described in more detail below.

### 2. The disclosure of this information would cause irreparable harm to ZTE.

The Court should seal the identified portions of Samsung's Opposition and should also seal Exhibits B, C, and G in their entirety. As discussed above, these materials relate to the parties' prior confidential license agreement, ongoing confidential licensing negotiations, and ZTE's licensing strategy. Disclosure would cause irreparable harm to ZTE by improperly providing competitors and other potential licensing partners with knowledge of ZTE's licensing history, licensing positions, negotiating tactics, and confidential licensing terms. *In re Electronic Arts, Inc.*, 298 Fed. App'x 568, 569-70 (9th Cir. 2008) (finding disclosure of the pricing terms, royalty rates, and guaranteed minimum payment terms in the licensing agreement would cause irreparable damage to EA); *In re Qualcomm Litig.*, 2017 WL 5176922, *2 (finding disclosure of parties' licensing terms and details of confidential licensing negotiations "would harm their competitive standing by releasing such information to competitors in the telecommunications market.").

Moreover, third parties may attempt to exploit the information disclosed in the parties' negotiations or license agreements in future negotiations with ZTE, which could have an inappropriate and disproportionate impact on ZTE's future licensing discussions. *See, e.g., Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846, 2012 WL 3283478, *6 (N.D. Cal. Aug. 9, 2012) (sealing pricing terms, royalty rates, and payment terms of licensing agreements because "[d]isclosing this information to the public will create an asymmetry of information for Apple in

1   the negotiation of future licensing deals."), *rev'd on other grounds*, 727 F.3d 1214 (Fed. Cir. 2013);

2   *Digit. Reg of Tex., LLC v. Adobe Sys., Inc.*, No. C 12-1971, 2015 WL 604055, *1 (N.D. Cal. Feb.

3   11, 2015) (sealing portions that disclosed details of plaintiff's patent license terms and royalty rates

4   because public disclosure would weaken plaintiff's position in future license negotiations or in

5   resolving litigation).

6              **3.      The request is narrowly tailored and there is no less restrictive
                        alternative to prevent competitive harm to ZTE.**

7          The sealing requests and proposed redactions of the protected information contained in

8   Samsung's Opposition and Exhibits B, C, and G are narrowly tailored to seal only those portions

9   and specific exhibits that contain highly sensitive and confidential licensing information.

10  Zeck Decl., ¶ 6. As described above, this information is highly confidential, and its disclosure

11  would cause irreparable harm to ZTE. Redacting this information does not impede the public's

12  ability to understand the nature of the proceedings. *In re Qualcomm Litig.*, 2017 WL 5176922, *3

13  (finding the redacted portions that concerned licensing terms, royalties paid or owed under licensing

14  agreements, and details of confidential licensing negotiations were narrowly tailored such that it

15  did not "impede upon the public's ability to understand the nature of the proceedings"). The

16  unredacted portions of Samsung's Opposition and the unredacted exhibits will still provide the

17  public with all information needed to understand Samsung's position with regards to ZTE's Motion

18  to Dismiss. As such, the request to seal is narrowly tailored, and there is no less restrictive

19  alternative to sealing the requested information.

20     **IV.    CONCLUSION**

21         For the reasons stated above, ZTE respectfully requests that the Court grant Samsung's

22  Motion and seal Exhibits B, C, and G attached to Samsung's Opposition and the portions of

23  Samsung's Opposition redacted by Samsung.

24

25

26

27

28

Dated: June 17, 2025

**PERKINS COIE LLP**


By:  */s/ Kevin A Zeck*
John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
Eric R. Maas, Bar No. 345450
EMaas@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California 92130-2080

Elliott J. Joh
EJoh@perkinscoie.com, Bar No. 264927
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3222

Kevin A. Zeck (*pro hac vice*)
KZeck@perkinscoie.com
Samantha Carl (*pro hac vice*)
SCarl@perkinscoie.com
PERKINS COIE LLP
1301 Second Ave, Suite 4200
Seattle, Washington 98101

Kevin M. Littman (*pro hac vice*)
klittman@foley.com
Lucas I. Silva (*pro hac vice*)
lsilva@foley.com
Foley & Lardner LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199-7610

Kate E. Gehl (*pro hac vice*)
kgehl@foley.com
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202

Attorneys for Defendant ZTE Corporation