PERKINS COIE LLP:
John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
Eric R. Maas, Bar No. 345450
EMaas@perkinscoie.com
11452 El Camino Real, Suite 300
San Diego, California 92130-2080

Elliott J. Joh, Bar No. 264927
EJoh@perkinscoie.com,
505 Howard Street, Suite 1000
San Francisco, CA 94105-3222

Kevin A. Zeck (*pro hac vice*)
KZeck@perkinscoie.com
Samantha Carl (*pro hac vice*)
SCarl@perkinscoie.com
1301 Second Avenue, Suite 4200
Seattle, Washington 98101

FOLEY & LARDNER LLP:
Kevin M. Littman (*pro hac vice*)
KLittman@foley.com
Lucas I. Silva (*pro hac vice*)
LSilva@foley.com
111 Huntington Avenue, Suite 2500
Boston, MA 02199-7610

Kate E. Gehl (*pro hac vice*)
KGehl@foley.com
777 East Wisconsin Avenue
Milwaukee, WI 53202

Attorneys for Defendant ZTE Corporation

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG RESEARCH AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>ZTE CORPORATION,<br><br>Defendant. | Case No. 3:25-cv-02000-AMO<br><br>**ZTE CORPORATION'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL ZTE'S REPLY IN SUPPORT OF MOTION TO DISMISS** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, and the Court's Standing Order Regarding Civil Cases (Nov. 22, 2023), Defendant ZTE Corporation ("ZTE"), brings this Administrative Motion to File Under Seal certain narrowly tailored redactions to ZTE's Reply in Support of Motion to Dismiss Samsung's Complaint and Stay Discovery ("Reply"). The redacted portions describe confidential terms relating to the parties' mutual non-disclosure agreement and prior license agreement, which pursuant to its terms are confidential. Accordingly, ZTE respectfully moves to seal the material identified in the table below. ZTE has attached an unredacted version of its Reply to this motion, with the portions sought to be sealed in the Reply highlighted.

| Document Title or Description | Portions Sought to Be Sealed | Reason(s) for Sealing |
| --- | --- | --- |
| ZTE's Reply | 3:8 | Redacted portion describes confidential terms in the parties' confidential mutual non-disclosure agreement and confidential prior licensing agreement. |

## II. LEGAL STANDARD

Historically, "courts have recognized a general right to inspect and copy public records and documents, including judicial records." *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 233827, *1 (N.D. Cal. Jan. 21, 2014) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Although a "strong presumption in favor of access is the starting point," access to judicial records is not absolute. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Accordingly, a party "seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Because ZTE's brief is a reply in support of its dispositive motion to dismiss, ZTE must meet the "compelling reasons" standard. *Doe v. Apple Inc. v. Health and Welfare Benefit Plan*, No. 22-cv-02566, 2023 WL 2021697, *2 (N.D. Cal. Feb. 15, 2023).

A court "may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809

F.3d at 1096-97. The "court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records a secret." *Id*. In general, "compelling reasons" exist "when such court files might have become a vehicle for improper purposes, such as … releas[ing] trade secrets," confidential business information in the form of license agreements, financial terms, and details of confidential licensing negotiations, or other information that might cause harm to a litigant's business. *Kamakana*, 447 F.3d at 1179; *Nixon*, 435 U.S. at 598 ("the common-law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing."). This is especially true "where the public has minimal interest in the information because it is not necessary to the public's understanding of the case." *MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103-WHA, 2022 WL 1144634, *1 (N.D. Cal. Mar. 9, 2022) (quoting *Nixon*, 435 U.S. at 598) (sealing confidential agreements because public disclosure would cause Amazon competitive harm). Moreover, there exists compelling reasons for sealing confidential terms in a non-disclosure agreement. *See Forsythe v. Brown*, No. 3:10-cv-716, 2011 WL 5190673, *12 (D. Nev. Oct. 27, 2011) ("There are obviously compelling reasons for a non-disclosure agreement to be sealed."); *Stafford v. Rite Aid Corp*., 2019 WL 3818015, *1 (S.D. Cal. Aug. 14, 2019) ("The secretive nature of such information and the resulting harm is further evidenced by the inclusion of a 'confidentiality provision.'").

### III.   ARGUMENT

#### A.   Compelling Reasons Exist to Seal ZTE's Reply

ZTE has compelling reasons for this motion to seal. The material sought to be sealed—which constitutes an extremely small, narrowly tailored portion of ZTE's Reply—relates to confidential terms in the parties' mutual non-disclosure agreement and prior patent license agreement. These terms, by its very nature, are considered confidential by both ZTE *and* Samsung. *See* Declaration of Kevin A. Zeck in Support of Motion to Seal ("Zeck Decl."), ¶ 5. *See also* Dkt. 41 at 1 (Samsung's motion to seal excerpts of the parties' non-disclosure agreement attached as Exhibit N to its Opposition).

### 1.  Legitimate interests warrant sealing portions of ZTE's Reply.

Courts in the Ninth Circuit recognize that compelling reasons to seal information exist when that information pertains to patent licensing demands, negotiations, and confidential terms because that is "the type of business information that might harm a litigant's competitive standing." *See, e.g., Lenovo (United States) Inc. v. IPCom GmbH & Co., KG*, No. 19-cv-01389, 2022 WL 2313948, *2 (N.D. Cal. June 28, 2022) (finding compelling reasons existed to seal information relating to the specific details and substance of the defendant's licensing negotiations); *DeMartini v. Microsoft Corp.*, No. 22-cv-08991, 2023 WL 4205770, *3 (N.D. Cal. June 26, 2023) (compelling reasons existed to seal the exhibits in their entirety because "these documents are contracts with confidential terms or discussions of those terms that would harm the party's negotiating position moving forward"); *In re Qualcomm Litig.*, No. 3:17-CV-0108, 2017 WL 5176922, *2 (S.D. Cal. Nov. 8, 2017) ("[C]ompelling reasons exist to seal the unredacted portions of the pleadings and briefing that concern licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies, along with those exhibits that contain the various confidential business agreements executed among the parties."). Additionally, courts recognize that compelling reasons exist to seal confidential information contained in a non-disclosure agreement. *See Forsythe*, 2011 WL 5190673 at *12 (finding compelling reasons to seal the parties' non-disclosure agreements).

ZTE's Reply contains one portion that discusses confidential terms in the parties' mutual non-disclosure agreement and prior patent license agreement. This information is highly confidential to ZTE (and Samsung), and ZTE takes extraordinary measures to maintain its secrecy. *See* Zeck Decl., ¶¶ 5–6. This information is not generally known to the public or to ZTE's competitors and its disclosure would undoubtedly harm ZTE's competitive standing. *Id.* Accordingly, ZTE has a strong legitimate interest in keeping its confidential terms under seal, as disclosure would harm ZTE and provide an unfair advantage to others in the marketplace, as described in more detail below.

**2.   The disclosure of this information would cause irreparable harm to ZTE.**

The Court should seal the identified portions of ZTE's Reply. As discussed above, these materials relate to the parties' confidential non-disclosure agreement and prior license agreement. Disclosure would cause irreparable harm to ZTE by improperly providing competitors and other potential licensing partners with knowledge of terms in confidential agreements ZTE has with Samsung. *Stafford*, 2019 WL 3818015 at *1 (finding resulting harm was evidenced by the "confidentiality provision" in the parties' contract); *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569–70 (9th Cir. 2008) (finding disclosure of the pricing terms, royalty rates, and guaranteed minimum payment terms in the licensing agreement would cause irreparable damage to EA); *In re Qualcomm Litig.*, 2017 WL 5176922 at *2 (finding disclosure of parties' licensing terms and details of confidential licensing negotiations "would harm their competitive standing by releasing such information to competitors in the telecommunications market.").

**3.   ZTE's request is narrowly tailored and there is no less restrictive alternative to prevent competitive harm to ZTE.**

To balance the public's right of access to judicial records against the potential harm to ZTE, ZTE seeks to narrowly seal only a single portion of the Reply, which discusses confidential terms in the parties' non-disclosure agreement and prior patent license agreement. Zeck Decl., ¶ 7. As described above, this information is highly confidential, and its disclosure would cause irreparable harm to ZTE. Redacting this information does not impede the public's ability to understand the nature of the proceedings. *In re Qualcomm Litig.*, 2017 WL 5176922, at *3 (finding the redacted portions that concerned licensing terms, royalites paid or owed under licensing agreements, and details of confidential licensing negotiations were narrowly tailored such that it did not "impede upon the public's ability to understand the nature of the proceedings"). The unredacted portions of the Reply will still provide the public with all information needed to understand ZTE's positions in its Motion to Dismiss, such as this Court's lack of personal jurisdiction over ZTE and the fundamental legal deficiencies in Samsung's Complaint, and ZTE's counterarguments to Samsung's Opposition brief. Furthermore, the need to seal the limited, narrow portion of ZTE's

Reply addressing the confidential terms in agreements between ZTE and Samsung—so as to safeguard ZTE's future bargaining positions—significantly outweighs any public interest in disclosure. *Stafford*, 2019 WL 3818015 at *1 (finding compelling reasons outweighed the public's interest in disclosure of the parties' confidential contracts). As such, ZTE's request to seal is narrowly tailored, and there is no less restrictive alternative to sealing the requested information.

### IV.  CONCLUSION

For the reasons stated above, ZTE respectfully requests that the Court grant ZTE's Motion to Seal one narrow portion of ZTE's Reply.

| | |
|---|---|
| Dated: June 17, 2025 | **PERKINS COIE LLP**<br><br>By: */s/ Kevin A. Zeck*<br>John D. Esterhay, Bar No. 282330<br>JEsterhay@perkinscoie.com<br>Eric R. Maas, Bar No. 345450<br>EMaas@perkinscoie.com<br>PERKINS COIE LLP<br>11452 El Camino Real, Suite 300<br>San Diego, California 92130-2080<br><br>Elliott J. Joh<br>EJoh@perkinscoie.com, Bar No. 264927<br>PERKINS COIE LLP<br>505 Howard Street, Suite 1000<br>San Francisco, CA 94105-3222<br><br>Kevin A. Zeck (*pro hac vice*)<br>KZeck@perkinscoie.com<br>Samantha Carl (*pro hac vice*)<br>SCarl@perkinscoie.com<br>PERKINS COIE LLP<br>1301 Second Avenue, Suite 4200<br>Seattle, Washington 98101<br><br>Kevin M. Littman (*pro hac vice*)<br>klittman@foley.com<br>Lucas I. Silva (*pro hac vice*)<br>lsilva@foley.com<br>Foley & Lardner LLP<br>111 Huntington Avenue<br>Suite 2500<br>Boston, MA 02199-7610<br><br>Kate E. Gehl (*pro hac vice*)<br>kgehl@foley.com<br>Foley & Lardner LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202<br><br>Attorneys for Defendant ZTE Corporation |