| | |
|---|---|
| Brandon H. Brown (SBN 266347)<br>KIRKLAND & ELLIS LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 439-1400<br>Email: bhbrown@kirkland.com | John D. Esterhay, Bar No. 282330<br>JEsterhay@perkinscoie.com<br>Eric R. Maas, Bar No. 345450<br>EMaas@perkinscoie.com<br>PERKINS COIE LLP<br>11452 El Camino Real, Suite 300<br>San Diego, California 92130-2080 |
| Gregory S. Arovas (admitted *pro hac vice*)<br>Todd M. Friedman (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>Email: greg.arovas@kirkland.com<br>Email: todd.friedman@kirkland.com | Elliott J. Joh, Bar No. 264927<br>EJoh@perkinscoie.com<br>PERKINS COIE LLP<br>505 Howard Street, Suite 1000<br>San Francisco, CA 94105-3222<br><br>Kevin A. Zeck (admitted *pro hac vice*)<br>KZeck@perkinscoie.com<br>Samantha Carl (admitted *pro hac vice*)<br>SCarl@perkinscoie.com<br>PERKINS COIE LLP<br>1301 Second Ave, Suite 4200<br>Seattle, Washington 98101 |
| Edward C. Donovan (admitted *pro hac vice*)<br>Stephen C. DeSalvo (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue NW<br>Washington, DC 20004<br>Telephone: (202) 389-5000<br>Email: edward.donovan@kirkland.com<br>Email: stephen.desalvo@kirkland.com | Kevin M. Littman (admitted *pro hac vice*)<br>klittman@foley.com<br>Lucas I. Silva (admitted *pro hac vice*)<br>lsilva@foley.com<br>FOLEY & LARDNER LLP<br>111 Huntington Avenue, Suite 2500<br>Boston, MA 02199-7610 |
| David Rokach (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>333 W Wolf Point Plaza<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Email: david.rokach@kirkland.com | Kate E. Gehl (admitted *pro hac vice*)<br>kgehl@foley.com<br>FOLEY & LARDNER LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202 |
| *Attorneys for Samsung Plaintiffs* | *Attorneys for Defendant ZTE Corporation* |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG RESEARCH AMERICA,<br><br>        Plaintiffs,<br><br>    v.<br><br>ZTE CORPORATION<br><br>        Defendant. | CASE NO. 3:25-CV-02000-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:   June 26, 2025<br>Hearing Time:   10:00 a.m.<br>Courtroom:      Room 10 – 19th Floor<br>Judge:          Hon. Araceli Martínez-Olguín |

Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America (collectively, "Samsung") and Defendant ZTE Corporation ("ZTE"), by and through their respective counsel, hereby submit this Joint Case Management Statement and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California dated November 30, 2023 and the Court's Order of February 28, 2025 (*see* ECF No. 22).

## 1.     JURISDICTION AND SERVICE

Samsung contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as to Samsung's federal Sherman Act claim and 28 U.S.C. § 1367 as to Samsung's remaining claims. ZTE contends that Samsung's antitrust claim should be dismissed and thus, on that basis only, disputes subject matter jurisdiction. Samsung contends that venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 22, and that personal jurisdiction over ZTE is proper in this Court as to all of Samsung's claims. ZTE does not contest venue but disputes personal jurisdiction. ZTE filed a motion to dismiss this case on these jurisdictional and other grounds (ECF No. 26), which Samsung opposed (ECF No. 43) and the Court has noticed for hearing on November 6, 2025 (ECF No. 51). ZTE agreed not to contest service of process, ECF No. 24, and no parties remain to be served.

## 2.     FACTS

Samsung and ZTE both own patents that they contend are essential to practicing certain cellular telecommunications standards, including the 5G New Radio ("5G") and 4G Long Term Evolution ("4G") cellular standards. Both Samsung and ZTE declared certain of their patents as being essential to the 5G and 4G standards and contractually committed to license their standard essential patents ("SEPs") to implementers of these standards on fair, reasonable, and non-discriminatory ("FRAND") terms. Samsung makes and sells standards-compliant products, including but not limited to sales in the United States. ZTE also makes and sells standards-compliant products, but represents that it no longer sells them in the United States. In July 2021, the parties executed a patent cross-license agreement covering certain of each other's SEPs. As the expiration of the licensing term approached, the parties began licensing negotiations regarding the terms of a subsequent license covering certain of each other's SEPs. However, the parties have

1  been unable to reach agreement on license terms.

2  On December 19, 2024, Samsung Electronics Co., Ltd. and Samsung Electronics (UK)
3  Limited filed an action in an English court seeking judicial determination of the FRAND terms of
4  a global cross-license encompassing each other's SEPs. and injunctive relief on its SEPs in the
5  event ZTE does not accept FRAND license-terms set by the U.K. court.

6  On December 20, 2024, Samsung filed an EU competition law claim against ZTE in
7  Germany seeking a determination that ZTE has breached its antitrust obligations under EU law,
8  and if so, an order requiring ZTE to enter a one-way license on terms proposed by Samsung.

9  On December 23, 2024, ZTE filed an action in a Chinese Court seeking a judicial
10  determination of FRAND terms for a global cross-license covering both parties' wireless
11  communication SEPs. Subsequently, ZTE filed actions against Samsung in Germany, China,
12  Brazil, and the Unified Patent Court ("UPC") seeking injunctions against certain Samsung
13  standards-compliant product sales for alleged infringement of purported ZTE SEPs.

14  Thereafter, Samsung filed actions against ZTE in Germany, China, and the UPC seeking
15  injunctions against certain ZTE standards-compliant product sales for alleged infringement of
16  purported Samsung SEPs.

17  **Samsung's statement:** Samsung contends the principal factual disputes include:

18  • Whether ZTE breached its contractual commitment to license its declared SEPs on
19  FRAND terms, including by engaged in non-FRAND conduct;

20  • Whether ZTE engaged in anticompetitive abuse or leverage of monopoly power in
21  the Standardized Technology Markets, such as by knowingly submitting false
22  FRAND declarations to a standard-setting organization; and

23  • Whether ZTE engaged in unfair or fraudulent business acts or practices.

24  **ZTE's statement:** While ZTE has not answered the complaint yet because of the motion
25  to dismiss, ZTE generally denies Samsung's allegations mentioned above, disagrees with the
26  factual disputes set forth by Samsung above (including because they are not tied to Samsung's
27  pleaded claims), and maintains that its conduct was lawful. ZTE further contends the Court has
28  no personal jurisdiction over ZTE for this matter, and that the Court will lack subject matter

jurisdiction over this matter once the Sherman Act claim is dismissed. ECF No. 26. ZTE submits that, should the case proceed, additional factual disputes could include whether Samsung has suffered an antitrust injury, identification and proof of proper relevant markets and monopoly power in those markets, and anticompetitive effects in those markets.

### 3.  LEGAL ISSUES

Samsung's Complaint asserts four causes of action, including for breach of contract; declaratory judgment under 28 U.S.C. § 2201; violation of Section 2 of the Sherman Act, 15 U.S.C. § 2 et seq.; and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. As set forth more fully in the parties' briefing on ZTE's motion to dismiss, ECF Nos. 26, 43, Samsung contends that the Ninth Circuit's decision in *FTC v. Qualcomm Inc.*, 969 F.3d 974 (9th Cir. 2020) does not preclude its antitrust claim based on its allegations of intentional deception of a standard-setting organization, and ZTE disagrees.

**ZTE's Additional Statement:** ZTE contends this Court lacks personal jurisdiction over it, that Samsung has failed to state a plausible Sherman Act claim and thus that this Court lacks subject matter jurisdiction, and that discovery should be stayed pending resolution of ZTE's motion to dismiss. ZTE disputes whether Samsung asserts a cognizable antitrust claim pursuant to the Ninth Circuit's decision in *FTC v. Qualcomm Inc.*, 969 F.3d 974 (9th Cir. 2020), as well as whether intentional deception of a standard-setting organization constitutes an exclusionary or predatory act for purposes of a Section 2 Sherman Act monopolization claim.

The parties may identify other legal disputes as the case progresses.

### 4.  MOTIONS

ZTE moved to dismiss the Complaint and stay discovery, which Samsung opposed. ECF Nos. 26, 43. That motion has been fully briefed and is set for hearing on November 6, 2025. No other motions are currently pending.

### 5.  AMENDMENT OF PLEADINGS

In view of ZTE's pending motion to dismiss, no responsive pleading has been filed yet. As to amendment of pleadings, *see* Samsung's and ZTE's proposed alternative schedules (Exhibit A below). There have been no amendments to date.

**6.   EVIDENCE PRESERVATION**

The parties certify that they have reviewed the ESI Guidelines and have conferred regarding the preservation of relevant evidence.

**7.   DISCLOSURES**

**Samsung's Statement:** Samsung proposes initial disclosures be made on July 3, 2025.

**ZTE's Statement:** ZTE contends a stay of discovery is appropriate pending the resolution of ZTE's motion to dismiss, but if the Court is inclined to require initial disclosures before such resolution, they should be made on July 3, 2025. *See* ZTE's proposed schedule (Exhibit A below).

**8.   DISCOVERY**

A.   Discovery to Date

No discovery has taken place thus far.

B.   Scope of Anticipated Discovery

**Samsung's Statement:** Samsung expects to pursue discovery on at least the following:

- ZTE's intent and knowledge in submitting false declarations to ETSI;
- ZTE's conduct in connection with its breach of its licensing obligation;
- ZTE's conduct in connection with its violation of U.S. antitrust laws; and
- ZTE's conduct relating to its violation of California's Unfair Competition Law.

Samsung's disagrees with ZTE's attempt to re-argue in the CMC Statement ZTE's motion to stay discovery, which has been separately briefed and set for hearing on a different date. Samsung previously explained its position as to why such a stay is inappropriate here. ECF No. 43 at 24-25. Among other things, ZTE seeks to needlessly delay resolution of Samsung's claims to Samsung's prejudice while ZTE forges ahead with its own actions in other jurisdictions it prefers around the globe that forms part of the same non-FRAND scheme at issue in this case. If ZTE does not want to be subject to jurisdiction in the U.S., then it should not be seeking royalties for alleged use of supposed ZTE's U.S. property based on U.S. products sales through ZTE's U.S.-centered scheme.

**ZTE's Statement:** ZTE respectfully submits that a stay of discovery is appropriate pending resolution of its Motion to Dismiss. Permitting substantial and costly antitrust discovery, such as what Samsung indicates it intends to seek, before the Court determines whether it has

personal jurisdiction over ZTE and whether Samsung's Complaint states a plausible claim for relief would be inappropriate and unduly burdensome on ZTE. *See, e.g., In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) ("[T]he Supreme Court has recognized that staying discovery [pending resolution of a dispositive motion] may be particularly appropriate in antitrust cases …."); *see generally* ECF No. 26 at 24-25.

To the extent the Court does not fully dispose of Samsung's Complaint in ruling on ZTE's Motion to Dismiss, the scope of anticipated discovery is likely to be narrowed by the Court's ruling on that Motion. Even if the case were to proceed as currently pled, Samsung's anticipated scope of discovery is remarkably overbroad and unduly burdensome given the alleged issues in the case. Additionally, the bounds of discovery that Samsung anticipates seeking with regards is unclear and would amount to an impermissible fishing expedition.

The parties reserve the right to seek third-party discovery.

### C. Proposed Limitations or Modifications of the Discovery Rules

The parties propose (ZTE does so subject to its statement below) to follow the default limits in the Federal Rules of Civil Procedure on written discovery. For fact depositions, the parties shall have a total of up to **[Samsung: 70 / ZTE: 40]** hours of deposition time per side. A Rule 30(b)(6) notice of deposition will count as one deposition towards a party's limit. Any depositions in which a deponent will testify at least partially in a foreign language will count for half the allotted time.

Each expert witness shall be deposed for a maximum of 7 hours on the record, except that the parties shall work in good faith to consider whether additional time is necessary for experts who submit multiple or very voluminous reports.

**ZTE's Statement:** ZTE contends no discovery should occur until resolution of its motion to dismiss. If discovery moves forward despite ZTE's objections, ZTE contends there should be 40 hours of deposition time per side. ZTE is otherwise in alignment with Samsung's proposal.

### D. Stipulated E-Discovery Protocol and Protective Order

The parties will discuss entry of a stipulated e-discovery protocol and protective order.

**ZTE's Statement:** ZTE contends no discovery should occur until resolution of its motion to dismiss. If discovery moves forward despite ZTE's objection, ZTE agrees to the foregoing.

E.     Proposed Discovery Plan

The parties discuss scheduling of discovery in more detail in Section 15 ("Scheduling") and Exhibit A below, but note that ZTE has filed a motion to stay discovery pending resolution of its motion to dismiss, which Samsung opposes.  ECF Nos. 26, 43.

F.     Identified Discovery Disputes

The parties have not identified any current discovery disputes.

**ZTE's Additional Statement:** ZTE requests that discovery be stayed pending resolution of ZTE's motion to dismiss.

9.   **CLASS ACTIONS**

Not applicable.

10.   **RELATED CASES**

The parties are engaged in over a dozen proceedings among the following jurisdictions: (1) the United Kingdom; (2) Germany; (3) China; (4) Brazil; and (5) the Unified Patent Court.

11.   **RELIEF**

**Samsung's Statement:** Samsung seeks judgments of liability, damages, and/or injunctive relief on each of its claims as set forth in the Complaint.  ECF No. 1.

**ZTE's Statement:** Samsung is not entitled to any relief.  ZTE is entitled to an award of costs and fees for defending this frivolous action, pursuant to all applicable statutes and rules.

12.   **SETTLEMENT AND ADR**

There have been no formal ADR efforts to date, but the parties have conferred pursuant to ADR L.R. 3-5 and filed their ADR Certification by Parties and Counsel on June 11, 2025.  ECF Nos. 46, 47.  The parties have agreed to engage in private mediation.  The parties agree that it is too early to assess the prospects of settlement.

13.   **OTHER REFERENCES**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14.   **NARROWING OF ISSUES**

The parties expect to work together in good faith to narrow the issues for trial as appropriate

but have not yet identified any issues that can be narrowed by agreement.

15. **SCHEDULING**

The parties have differing views of appropriate case scheduling in this matter, as set forth below and in Exhibit A.

**Samsung's Statement:**  Samsung submits that a case schedule leading to a prompt trial on the merits is warranted here due to the time sensitive nature of the issues in dispute, as explained below.  Recognizing the Court's workload constraints (Dkt. 51), Samsung believes that efforts by the parties to proceed promptly in preparing the case for trial will not increase the need for Court involvement in the near term—and Samsung expects that the trial setting can be further evaluated in the future once it gets closer and there is more clarity on the court's workload at that time.

The parties could not reach agreement on payment terms for a patent cross license due to ZTE demanding excessive royalties and refusing Samsung's proposal for a neutral resolution. Samsung therefore filed a rate-setting action in the UK seeking neutral adjudication of the dispute. In an apparent effort to evade judicial resolution, ZTE responded by seeking patent infringement injunctions in Germany, Brazil, China, and the UPC against Samsung cellular products, and by filing a duplicative rate-setting action in its home forum of China, which is ZTE's single largest shareholder.  ZTE's injunction actions place Samsung at risk of losing significant product sales, absent capitulation to ZTE's demands—including excessive payments for licensing Samsung's U.S. product sales under ZTE's U.S. patents.  For example, several months ago, ZTE obtained— in violation of its FRAND commitments—a provisional injunction order against sales of certain Samsung products in Brazil, which ZTE continues to pursue (subject to a temporary stay).

The abusive nature of ZTE's pressure campaign has already been recognized by the UK court, which noted that "it is clear in this case that ZTE's campaign of litigation seeking injunctive relief is straight out of the overly aggressive SEP owner's current playbook." ECF No. 26-21 at ¶56. The UK court further noted, in connection with interim license proceedings, that "the sum payable in ZTE's offer seems unnecessarily and unreasonably high and provides some further indication of hold up." *Id.* at ¶37. While certain aspects of these issues will be addressed by the UK court, that litigation is focused on adjudicating appropriate FRAND terms for a patent license.

Even after FRAND terms are declared by the UK court, ZTE's unlawful conduct can potentially continue until ZTE agrees to enter into a license upon the FRAND terms set by the UK court.

Much of ZTE's misconduct is focused upon the U.S. (*see* ECF No. 43 at 5-10) and the U.S. is Samsung's largest market for the products at issue. Samsung therefore filed this case here to seek remedies for ZTE's past and ongoing anticompetitive conduct and conduct in violation of its licensing obligations to Samsung (including Samsung's U.S. entities). Therefore, based on the litigation landscape and threat of ZTE's injunction actions—which part of ZTE's unlawful conduct at issue—Samsung respectfully submits that a prompt schedule is necessary here.

Samsung' disagrees with ZTE's attempt to re-argue in the CMC Statement ZTE's motion to stay. Samsung has responded to ZTE's arguments in its opposition brief. ECF No. 43.

**ZTE's Statement:** Samsung's request for an accelerated case schedule, as well as its push for accelerated and overbroad discovery, is unwarranted. ZTE's Motion to Dismiss will have a material impact on this case's scope. As a result, ZTE respectfully submits that no case schedule should be set and no discovery should occur until the Court resolves the Motion to Dismiss.

Permitting substantial and costly antitrust discovery before the Court ZTE's motion to dismiss would be inappropriate, inefficient, and unduly burdensome for ZTE and would violate ZTE's due process rights. *See, e.g., In re Netflix Antitrust Litig.*, 506 F. Supp. 2d at 321 ("[T]he Supreme Court has recognized that staying discovery [pending resolution of a dispositive motion] may be particularly appropriate in antitrust cases …."); *see* ECF No. 26 at 24-25.

Finally, ZTE disputes Samsung's factual contentions in its statement above, many of which lack merit and are pejorative. For example, Samsung filed infringement claims against ZTE first, not the other way around. Samsung also fails to mention that there is also a FRAND rate-setting case in China, and while Samsung recently called the Chinese court in which ZTE filed its FRAND rate-setting case a "sophisticated, respected judiciary," ECF No. 26-18 at 8, it now contends that litigating there "raises obvious bias concerns." ECF No. 41-3 at 12 n.3. Moreover, Samsung's above statement is not relevant to scheduling. The alleged violations at issue in this case took place years ago, and Samsung identifies no irreparable harm it would incur from a normal schedule nor any justification for an expedited schedule.

### 16. TRIAL

The parties anticipate at this time a jury trial on all issues triable to a jury and estimate that that trial will take approximately five days of trial time.

**ZTE's Additional Statement:** ZTE contends that no trial should be scheduled in this case for the reasons stated in its motion to dismiss. However, if the Court decides it is appropriate to schedule trial, ZTE agrees with the foregoing, although ZTE also believes that the parties may need to revise this estimate of required trial time as the case develops.

### 17. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. ECF Nos. 4, 35. The content of these filings is provided below as well.

**Samsung:** Pursuant to Civil L.R. 3-15, the following listed persons, associations of persons, firms, partnerships, corporations (e.g., parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: no non-party owns 10% or more of any Plaintiff's stock.

**ZTE:** Pursuant to Civil L.R. 3-15, the following listed persons, associations of persons, firms, partnerships, corporations (e.g., parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Shenzhen Zhongxingxin Telecommunications Equipment Company Limited and HKSCC Nominees Limited each own more than 10% of ZTE Corporation's stock.

### 18. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the *Guidelines for Professional Conduct for the Northern District of California*.

### 19. OTHER MATTERS

The parties are currently unaware of any other matters that may facilitate the disposition of this dispute.

| | | |
|---|---|---|
| 1 | DATED:  June 18, 2025 | Respectfully submitted, |
| 2 | /s/ John D. Esterhay (with permission) | /s/ David Rokach |

<div style="display:flex">

<div>

John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
Eric R. Maas, Bar No. 345450
EMaas@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, California 92130-2080

Elliott J. Joh, Bar No. 264927
EJoh@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3222

Kevin A. Zeck (admitted *pro hac vice*)
KZeck@perkinscoie.com
Samantha Carl (admitted *pro hac vice*)
SCarl@perkinscoie.com
PERKINS COIE LLP
1301 Second Ave, Suite 4200
Seattle, Washington 98199

Kevin M. Littman (admitted *pro hac vice*)
klittman@foley.com
Lucas I. Silva (admitted *pro hac vice*)
lsilva@foley.com
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2500
Boston, MA 02199-7610

Kate E. Gehl (admitted *pro hac vice*)
kgehl@foley.com
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202


*Attorneys for Defendant ZTE Corporation*

</div>

<div>

Brandon H. Brown (SBN 266347)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Email: bhbrown@kirkland.com

Gregory S. Arovas (admitted *pro hac vice*)
Todd M. Friedman (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com
Email: todd.friedman@kirkland.com

Edward C. Donovan (admitted *pro hac vice*)
Stephen C. DeSalvo (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
Email: edward.donovan@kirkland.com
Email: stephen.desalvo@kirkland.com

David Rokach (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 W Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: david.rokach@kirkland.com




*Attorneys for Samsung Plaintiffs*

</div>
</div>

# EXHIBIT A

## SAMSUNG'S PROPOSED CASE SCHEDULE

| Deadline | Proposed Dates |
|---|---|
| Initial Disclosures | July 3, 2025 |
| Initial Case Management Conference | June 26, 2025 at 10:00 AM |
| Deadline to Amend Pleadings | December 18, 2025 |
| Close of Fact Discovery | April 16, 2026 |
| Opening Expert Reports (on issues which a party bears the burden) | April 30, 2026 |
| Responsive Expert Reports | May 28, 2026 |
| Close of Expert Discovery | June 11, 2026 |
| Dispositive and Daubert Motion Deadline | June 25, 2026 |
| Pre-Trial Conference | September 10, 2026 at 11:00 AM |
| Trial | Week of October 5, 2026, subject to Court's availability |

## ZTE'S PROPOSED CASE SCHEDULE

| Deadline | Proposed Dates | Alternative Proposed Dates, if Court is not inclined to delay scheduling until after Motion to Dismiss or Motion to Stay |
|---|---|---|
| Initial Disclosures | 30 days after Court's decision on Motion to Dismiss or Motion to Stay, if either is denied | July 3, 2025 |
| Initial Case Management Conference | | June 26, 2025 at 10:00 AM |

| Deadline to Amend Pleadings | Two (2) months after Court's decision on Motion to Dismiss or Motion to Stay, if either is denied | August 28, 2026 |
|---|---|---|
| Close of Fact Discovery | Fourteen (14) months after Court's decision on Motion to Dismiss or Motion to Stay, if either is denied | October 30, 2026 |
| Opening Expert Reports (on issues which a party bears the burden) | Seventeen (17) months after Court's decision on Motion to Dismiss or Motion to Stay, if either is denied | January 29, 2027 |
| Responsive Expert Reports | Nineteen (19) months after Court's decision on Motion to Dismiss or Motion to Stay, if either is denied | March 26, 2027 |
| Close of Expert Discovery | Twenty (20) months after Court's decision on Motion to Dismiss or Motion to Stay, if either is denied | April 30, 2027 |
| Dispositive Motion Deadline | Twenty-two (22) months after Court's decision on Motion to Dismiss or Motion to Stay, if either is denied | June 4, 2027 |
| Daubert Motion Deadline | Twenty-three (23) months after Court's decision on Motion to Dismiss or Motion to Stay, if either is denied | July 9, 2027 |
| Pre-Trial Conference | At the Court's convenience after dispositive motions and Daubert motions are decided | January 13, 2028 at 11:00 A.M. |
| Trial | At the Court's convenience after dispositive motions and Daubert motions are decided | Week of March 6, 2028, subject to Court's availability |

**[PROPOSED] CASE MANAGEMENT ORDER**

The above *Joint Case Management State and [Proposed] Order* is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: _____,

_____
The Hon. Araceli Martínez-Olguín
United States District Judge

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from other signatories.

DATED: June 18, 2025

/s/ David Rokach
David Rokach (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 W Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: david.rokach@kirkland.com

*Attorney for Samsung Plaintiffs*

**CERTIFICATE OF SERVICE**

On June 18, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

/s/ David Rokach
David Rokach