UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMSUNG ELECTRONIC CO., LTD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ZTE CORPORATION, <br><br> Defendant. | Case No. 25-cv-02000-AMO <br><br> **ORDER GRANTING PARTIES' ADMINISTRATIVE MOTION TO SEAL** <br><br> Re: Dkt. No. 60 |

Before the Court is Plaintiffs Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Research America (collectively "Samsung") and Defendant ZTE Corporation ("ZTE")'s consolidated motion to seal. Having considered the motion to seal and the materials and authorities cited in support thereof, the Court **ORDERS** as follows.

## I.    LEGAL STANDARD

Pursuant to Civil Local Rule 79-5, the party seeking to file a document or portions of it under seal must explain "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). The request must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3). A party seeking to seal records must provide "compelling reasons" to overcome the "strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 28 1178 (9th Cir. 2006); *see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). The standard derives from the "common law right 'to inspect and copy public records and documents, including judicial records and documents.' " *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). To overcome this strong presumption, the party seeking to seal judicial records must "articulate compelling reasons

supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79 (citations omitted). The party must make a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). It is in the "sound discretion of the trial court" to determine what constitutes a compelling reason for sealing a court document. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Compelling reasons justifying sealing court records generally exist when such "court files might . . . become a vehicle for improper purposes" such as "releas[ing] trade secrets," *Kamakana*, 447 F.3d at 1179, or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097; *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing trade secret information about "the pricing terms, royalty rates, and guaranteed minimum payment terms" in the parties' licensing agreement).

## II.    DISCUSSION

Here, the Court finds the parties have justified sealing certain documents and portions of documents as they contain sensitive business information – including the terms of prior patent license agreements and confidential ongoing licensing negotiations – that, if publicly disclosed, could harm the parties' competitive standing. Dkt. No. 60 at 4. Courts in the Ninth Circuit recognize that compelling reasons to seal information exist when that information pertains to patent licensing demands, negotiations, and terms because that is "the type of business information that might harm a litigant's competitive standing." *See, e.g., Lenovo (United States) Inc. v. IPCom GmbH & Co.*, No. 19-cv-01389, 2022 WL 2313948, at *2 (N.D. Cal. June 28, 2022) (finding compelling reasons existed to seal information relating to the specific details and substance of the defendant's licensing negotiations); *DeMartini v. Microsoft Corp.*, No. 22-cv-08991, 2023 WL 4205770, at *3 (N.D. Cal. June 26, 2023) (concluding compelling reasons existed to seal the exhibits in their entirety because "these documents are contracts with confidential terms or discussions of those terms that would harm the party's negotiating position moving forward"); *In re Qualcomm Litig.*, No. 3:17-CV-0108, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)

("[C]ompelling reasons exist to seal the unredacted portions of the pleadings and briefing that concern licensing terms, royalties paid or owed under license agreements, financial terms, details of confidential licensing negotiations, and business strategies, along with those exhibits that contain the various confidential business agreements executed among the parties."). Further, the parties contend that "[d]isclosure would cause irreparable harm to the Parties by improperly providing competitors and other potential licensing partners with knowledge of Samsung's and ZTE's licensing history, licensing positions, negotiating tactics, and confidential licensing terms." Dkt. No. 60 at 5; *see, e.g., Apple, Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846, 2012 WL 3283478, at \*6 (N.D. Cal. Aug. 9, 2012) (sealing pricing terms, royalty rates, and payment terms of licensing agreements because "[d]isclosing this information to the public will create an asymmetry of information for Apple in the negotiation of future licensing deals."), rev'd on other grounds, 727 F.3d 1214 (Fed. Cir. 2013). Finally, the Court finds that the parties' requests to seal are narrowly tailored, "such that they do not impede upon the public's ability to understand the nature of the proceedings and the factual basis for the parties' claims." *Id.* at \*3. For these reasons, the Court **GRANTS** the parties' administrative motion to seal as follows.

| Document Title or Description | Dkt. No. of Redacted Version | Dkt. No. of Unredacted Version | Dkt. No. of Decl. in Support of Sealing | Party with Burden to Substantiate Need to Seal | Full or Partial Sealing Sought | Brief statement of reason for sealing (with citation to corresponding declaration in support of sealing) | Granted/Denied |
|---|---|---|---|---|---|---|---|
| Samsung's Complaint | Dkt. 1 | Dkt. 2-2 | Dkt. 27-1 | ZTE | Partial | Redacted portions describe the parties' licensing negotiations. (*See* Dkt. 27-1 at ¶¶ 10-11) | **GRANTED** |
| Portions of Defendant ZTE's Motion to Dismiss | Dkt. 26 | Dkt. 27-2 | Dkt. 27-1 | ZTE | Partial | Redacted portions describe the parties' licensing negotiations | **GRANTED** |

United States District Court
Northern District of California

3

| Document Title or Description | Dkt. No. of Redacted Version | Dkt. No. of Unredacted Version | Dkt. No. of Decl. in Support of Sealing | Party with Burden to Substantiate Need to Seal | Full or Partial Sealing Sought | Brief statement of reason for sealing (with citation to corresponding declaration in support of sealing) | Granted/Denied |
|---|---|---|---|---|---|---|---|
| | | | | | | and confidential license terms and scope. (Dkt. 27-1, ¶¶ 3, 10-12) | |
| Declaration of Wenyan Yang | Dkt. 26-1 | Dkt. 27-3 | Dkt. 27-1 | ZTE | Partial | Redacted portions describe the parties' licensing negotiations and confidential license terms and scope. (Dkt. 27-1, ¶¶ 3, 10-12) | **GRANTED** |
| Yang Declaration, Exhibit 1 | Dkt. 26-2 | Dkt. 27-4 | Dkt. 27-1 | ZTE | Full | Exhibit 1 is the parties' 2021 Patent License Agreement. The agreement pursuant to its terms is "highly confidential." (Dkt. 27-1, ¶¶ 3, 10-12) | **GRANTED** |
| Yang Declaration, Exhibit 2 | Dkt. 26-3 | Dkt. 27-5 | Dkt. 27-1 | ZTE | Full | Exhibit 2 is a confidential offer made by ZTE to Samsung, subject to the parties' non-disclosure agreement. (Dkt. 27-1, ¶¶ 3, 10-12) | **GRANTED** |

United States District Court
Northern District of California

| Document Title or Description | Dkt. No. of Redacted Version | Dkt. No. of Unredacted Version | Dkt. No. of Decl. in Support of Sealing | Party with Burden to Substantiate Need to Seal | Full or Partial Sealing Sought | Brief statement of reason for sealing (with citation to corresponding declaration in support of sealing) | Granted/Denied |
|---|---|---|---|---|---|---|---|
| Yang Declaration, Exhibit 3 | Dkt. 26-4 | Dkt. 27-6 | Dkt. 27-1 | ZTE | Full | Exhibit 3 is a confidential offer made by ZTE to Samsung, subject to the parties' non-disclosure agreement. (Dkt. 27-1, ¶¶ 3, 10-12) | **GRANTED** |
| Yang Declaration, Exhibit 4 | Dkt. 26-5 | Dkt. 27-7 | Dkt. 27-1 | ZTE | Full | Exhibit 4 is a confidential offer made by ZTE to Samsung, subject to the parties' non-disclosure agreement. (Dkt. 27-1, ¶¶ 3, 10-12) | **GRANTED** |
| Portions of Samsung's Opposition to ZTE's Motion to Dismiss and Stay | Dkt. 43 | Dkt. 41-3 | Dkt. 41-1 | Samsung | Partial | Redacted portion describes confidential contract and financial terms. (Dkt. 41-1 at ¶¶ 3-9; Dkt. 49 at 1) | **GRANTED** |
| Rokach Declaration Exhibit N | Dkt. 44-14 | Dkt. 41-4 | Dkt. 41-1 | Samsung | Full | Exhibit N is an agreement between the parties, which pursuant to its terms is confidential. (Dkt. 41-1 at ¶¶ 3-9; Dkt. 49 at 1; Dkt. 27-1 at ¶ 10) | **GRANTED** |

| Document Title or Description | Dkt. No. of Redacted Version | Dkt. No. of Unredacted Version | Dkt. No. of Decl. in Support of Sealing | Party with Burden to Substantiate Need to Seal | Full or Partial Sealing Sought | Brief statement of reason for sealing (with citation to corresponding declaration in support of sealing) | Granted/Denied |
|---|---|---|---|---|---|---|---|
| Portions of Samsung's Opposition to ZTE's Motion to Dismiss and Stay | Dkt. 43 | Dkt. 42-2 | Dkt. 50-1 | ZTE | Partial | Redacted portions describe the parties' licensing negotiations, confidential license terms, and confidential licensing analysis and strategy. (Dkt. 50-1 at ¶¶ 3-6) | **GRANTED** |
| Exhibit B to the Declaration of David Rokach in Support of Samsung's Opposition | Dkt. 43-3 | Dkt. 42-3 | Dkt. 50-1 | ZTE | Full | Exhibit B is excerpts of a confidential offer made by ZTE to Samsung, subject to the parties' non-disclosure agreement. (Dkt. 50-1 at ¶¶ 3-6) | **GRANTED** |
| Exhibit C to the Declaration of David Rokach in Support of Samsung's Opposition | Dkt. 43-4 | Dkt. 42-4 | Dkt. 50-1 | ZTE | Full | Exhibit C is a confidential listing of ZTE patents essential to the 5G standard and used in the parties' licensing negotiations, subject to the parties' non-disclosure agreement. | **GRANTED** |

United States District Court
Northern District of California

| Document Title or Description | Dkt. No. of Redacted Version | Dkt. No. of Unredacted Version | Dkt. No. of Decl. in Support of Sealing | Party with Burden to Substantiate Need to Seal | Full or Partial Sealing Sought | Brief statement of reason for sealing (with citation to corresponding declaration in support of sealing) | Granted/Denied |
|---|---|---|---|---|---|---|---|
| | | | | | | (Dkt. 50-1 at ¶¶ 3-6) | |
| Exhibit G to the Declaration of David Rokach in Support of Samsung's Opposition | Dkt. 43-8 | Dkt. 42-5 | Dkt. 50-1 | ZTE | Full | Exhibit G is confidential email communications between ZTE and Samsung, subject to the parties' non-disclosure agreement. (Dkt. 50-1 at ¶¶ 3-6) | **GRANTED** |
| Portions of ZTE's Reply ISO Motion to Dismiss and Stay Discovery | Dkt. 53 | Dkt. 52-3 | Dkt. 52-1 | ZTE | Partial | Redacted portion describes confidential terms in parties' confidential mutual non-disclosure agreement and confidential prior licensing agreement. (Dkt. 52-1, ¶ 3) | **GRANTED** |

**IT IS SO ORDERED.**

Dated: January 30, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California

7